## Case No. 6,098.

### The HARRIET.

[1 Spr. 33.][1]

District Court, D. Massachusetts. Oct., 1842.

SEAMAN'S WAGES — ACCEPTANCE OF NONNEGOTIABLE NOTE—WHETHER WAIVER OF RIGHT TO PROCEED BY LIBEL.

A seaman taking the note of the master, not negotiable, and giving a receipt for his wages and putting the note in suit, is not thereby precluded from proceeding by libel against the vessel for his wages.

[Cited in The Eclipse, Case No. 4,268; The Home, Id. 6,657.]

This was a libel for wages promoted by the chief mate of the schooner Harriet. It appeared that the libellant was discharged from the vessel on the 7th of September, at which time the master gave him his note, not negotiable, for the amount of the wages due, and took his receipt in full. On the next day the libellant applied to an attorney and sued out a writ against the master, upon the note, and caused him to be arrested. On the day after his arrest, the master gave notice of the poor debtor's oath. The libellant then applied to the counsel in the present case, who filed a libel against the vessel. The defence was rested upon the ground, that the mariner, by taking the note, and putting it in suit, had lost his lien on the vessel. It appeared at the hearing, that the vessel was hired by the master of the owner, under a contract to victual and man her, and pay over one half of the earnings to the owner.

G. T. Curtis and W. W. Story, for libellant. R. H. Dana, Jr., for owner.

SPRAGUE, District Judge, held that the note was not payment. It was not a promissory note, in the sense of the law, and was not prima facie evidence of payment, even by the local law of Massachusetts. The mariner received no value for his release. The fact of his suing the master was no waiver of his right to proceed against the vessel. The master, before this transaction, was liable for the wages; and until satisfaction and payment,

1 [Reported by F. E. Parker. Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

the mariner might pursue any or all of his remedies at the same time. Decree for wages and costs.

Curt. Merch. Seam. 319; 3 Kent, Comm. 256c; Abb. Shipp. 662, 663, and note; The Betsey and Rhoda [Case No. 1,366]; 1 Pars. Mar. Law, 447, note; 2 Pars. Mar. Law, 581, note.